BEEKER *against* PLATT.

ALBANY,
Feb. 1811.

The PEOPLE
v.
GILLELAND.

THIS was an action of covenant for the non-payment of rent, reserved in a lease, brought by the lessor against the lessee, in which the plaintiff recovered judgment for less than 250 dollars, and had full costs of this court taxed.

*J. V. D. Scott*, for the defendant, now moved for a re-taxation, on the ground that the plaintiff was entitled only to costs, as in the court of common pleas.

*Van Buren*, contra.

*Per Curiam.* There must be a retaxation of the costs. The plaintiff is only entitled to costs as in the court of common pleas.

Rule granted.

In an action of covenant for the non-payment of rent reserved in a lease, if the plaintiff recovers judgment for less than 250 dollars, he is entitled only to the costs of the common pleas.

————

The PEOPLE *against* GILLELAND, late Sheriff, &c.

THE defendant was brought up on an attachment, for not returning an execution issued out of this court, in the case of *Brockway* v. *Wilbie.*

It appeared that the *fi. fa.* had been delivered, about 14 years ago, to the deputy of the defendant, who was then sheriff of the county of *Rensselaer*, and that the deputy afterwards absconded from this state and died abroad; and it did not appear what had become of the writ.

A sheriff was discharged from an attachment for not returning an execution delivered to his deputy 14 years ago, and who was dead.

*Russell*, for the plaintiff.

*Foot*, contra.

*Per Curiam.* It would be unjust and oppressive, after such a lapse of time, and the death of the deputy, to charge the sheriff. He must be discharged.